UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERTO SUAREZ,
    Petitioner,

    v.

BILLINGSLEY,
    Respondent.

No. 3:11cv1278 (SRU)

## RULING AND ORDER

    Roberto Suarez is currently incarcerated at the Otisville Federal Correctional Institution in Otisville, New York. In July 2011, Suarez filed this petition for writ of habeas pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York, challenging an enhancement of his federal sentence imposed upon him by Mark R. Kravitz, United States District Judge for the District of Connecticut. Chief Judge Loretta A. Preska of the United States District Court for the Southern District of New York transferred the petition to the District of Connecticut, the district within which Suarez was convicted and sentenced, pursuant to Local Civil Rule 83.3. Judge Preska noted that although Suarez filed his petition pursuant to 28 U.S.C. § 2241, the proper vehicle is 28 U.S.C. § 2255 because he is challenging his conviction and sentence. *See* Transfer Order [doc. # 3] at 1, n.1. Chief Judge Preska declined, however, to treat the petition as a motion under section 2255. *Id.* Suarez amended his petition on October 15, 2012, reiterating his intent to bring this petition pursuant to section 2241 not section 2255.

    On September 6, 2006, Suarez, pled guilty to one count of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. Suarez's United States Sentencing Guidelines range was 188-235 months' imprisonment based in part on the Career Offender provisions of U.S.S.G. § 4B1.1. On February 21, 2008, Suarez was sentenced to a non-Guideline

sentence of 92 months' imprisonment. Suarez did not appeal his sentence nor has he filed any motions to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. In his section 2241 petition, Suarez challenges his federal sentence on the ground that the court illegally sentenced him as a career offender. Suarez claims that, because his prior state convictions do not qualify as predicate offenses under U.S.S.G. § 4B1.2(a)(1), his offense level and criminal history category should not have been enhanced pursuant to U.S.S.G § 4B1.1(b). Suarez also specifically states that he is "not challenging [his] underlying conviction nor [does he] wish to file a § 2255 motion." Pet'r's Letter Mot. [doc. # 11].

"A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (emphasis in original). "In contrast, [28 U.S.C.] § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that 'the sentence was imposed in violation of the Constitution or the laws of the United States . . . .'" *Id.* at 147 (*quoting* 28 U.S.C. § 2255).

Because Suarez challenges the legality of his sentence, his petition should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, not as a petition pursuant to section 2241. Suarez cannot use a petition pursuant to section 2241 to challenge his sentence. The motion is therefore denied.

Even if Suarez's petition were construed as a section 2255 motion, which he specifically asked this court not to do, the petition would still be denied. Under section 2255, the deadline for Suarez to file a petition was February 21, 2009. *See* 28 U.S.C. § 2255(f)(1) ("A 1-year period of

limitation shall apply to a motion under this section. That limitation shall run from . . . the date on which the judgment of conviction becomes final."). Suarez did not file this petition until July 26, 2011. Absent equitable tolling, Suarez's petition must be denied as untimely because it was filed well after his one-year limitation period expired. "In order to equitably toll the one-year period of limitations, [the petitioner] must show that extraordinary circumstances prevented him from filing his petition on time." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

Suarez is not entitled to equitable tolling. First, Suarez argues that he is 'actually innocent' of the sentence imposed, but one cannot be "actually innocent" of the sentence imposed. Second, Suarez argues that he is "actually innocent" of being a career offender. Suarez claims that his prior convictions do not qualify as predicate offenses because each conviction was pursuant to an *Alford* plea. Suarez then relies on Supreme Court and Second Circuit precedent that when "the statute of the prior conviction criminalizes both predicate and non-predicate conduct" the government must show "that the plea necessarily rested on a fact identifying the conviction as a predicate offense." *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008) (quoting *Shepard v. United States*, 544 U.S. 13, 24 (2005)). *See also Shepard*, 544 U.S. at 26 ("We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of the a plea agreement or transcript of colloquy between judge and defendant in which the factual basis of the plea was confirmed by the defendant, or to some comparable judicial record of this information."). According to Suarez, the government is unable to prove that his prior offense conduct supports a career criminal enhancement. This argument, however, could have been made on appeal. The Supreme Court decided *Shepard* three years before Suarez's sentencing. The legal basis for his claim was not so novel to be unavailable

and is therefore untimely. *See Reed v. Ross*, 468 U.S. 1, 16 (1984) ("[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures.").

The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (doc. # 11) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 31st day of May 2013.

                                              /s/ Stefan R. Underhill
                                              Stefan R. Underhill
                                              United States District Judge